Stuart R. Fraenkel (State Bar No. 173991)
Nicole Andersen (State Bar No. 281218)
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 844-622-6469
Fax: 213-622-6019
Email: stuart@nflawfirm.com
Email: nandersen@nflawfirm.com

Justin T. Green (applicant *pro hac vice*)
Erin R. Applebaum (applicant *pro hac vice*)
Vincent C. Lesch III (applicant *pro hac vice*)
**KREINDLER & KREINDLER LLP**
485 Lexington Ave., 28th Floor
New York, NY 10017
Tel: 212-687-8181
Fax: 212-972-9432
Email: jgreen@kreindler.com
Email: eapplebaum@kreindler.com
Email: vlesch@kreindler.com

Attorneys for Plaintiff
CURTIS FLYNN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CURTIS FLYNN,<br><br>                Plaintiff,<br>      v.<br><br>SWISS INTERNATIONAL AIR LINES AG,<br>and SWISS INTERNATIONAL AIR LINES, LTD.,<br><br>                Defendants. | **CASE NO. 5:23-cv-1942**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff CURTIS FLYNN, by and through his respective attorneys, NELSON & FRAENKEL, LLP and KREINDLER & KREINDLER LLP, files his Complaint for Damages, against Defendants SWISS INTERNATIONAL AIR LINES AG, and SWISS INTERNATIONAL AIR LINES, LTD.  Plaintiff respectfully alleges as follows:

**THE PARTIES**

1.      This action seeks damages for the personal injuries suffered by Plaintiff as a result of an Accident ("Accident" as used herein refers to an accident as defined by the Montreal Convention[1]) on Swiss Airlines Flight LX 40 on September 27, 2021 from Zurich, Switzerland to Los Angeles, California.

2.      Plaintiff CURTIS FLYNN ("Plaintiff") is a resident of Riverside County, California.

3.      Defendant SWISS INTERNATIONAL AIR LINES AG ("SWISS AIR AG") is a Swiss corporation with principal place of business in Switzerland. SWISS AIR AG is a wholly owned subsidiary of Deutsche Lufthansa, AG, a German corporation, part of the Lufthansa Group, and a member of the Star Alliance, which includes a codeshare agreement with United States airlines.

4.      Defendant SWISS AIR INTERNATIONAL AIR LINES, LTD. ("SWISS AIR LTD."), is a Swiss corporation with a principal place of business in Basel, Switzerland.

5.      Defendants SWISS AIR AG and SWISS AIR LTD (hereinafter collectively referred to as "SWISS AIR") are and were common carriers engaged in the business of transporting passengers by air on international flights.

6.      Defendants SWISS AIR operate principal offices for the transaction of business in the United States at 625 RXR Plaza, Uniondale, NY 11553.

---

[1] "Montreal Convention" refers to the Convention for the Unification of Certain Rules Relating to International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over the plaintiff's claims under 28 U.S.C. § 1331 because they are governed by the Montreal Convention of 1999. The Montreal Convention is a treaty ratified by the United States Congress that went into effect in November 2003.

8.     Subject matter jurisdiction is proper under Article 33 of the Montreal Convention because:

   a.   Plaintiff's place of destination was located within the territory of a State Party to the Convention, the United States of America; and

   b.   Plaintiff's principal and permanent residence was at the time of the Accident and remains the United States of America; and Defendants SWISS AIR operate services for carriage of passengers by air either on their own aircraft, or on another carrier's aircraft pursuant to a commercial agreement to or from the United States of America; and Defendants SWISS AIR conduct their business of carriage of passengers by air from premises leased or owned by Defendants or by another carrier with which they have a commercial agreement.

9.     Subject matter jurisdiction also is proper under Montreal Convention Article 1(3) because the course of international travel during which Plaintiff became injured, though operated by successive carriers, was regarded by Defendants SWISS AIR as a single operation, and the ticketing arrangement between Plaintiff and Defendants SWISS AIR was entered into with the objective intent of forming a cohesive contract for international carriage.

10.     Venue in this District satisfies the requirements of 28 U.S.C. § 1391, *et seq.*, in that a substantial part of the events and/or omissions giving rise to these claims occurred

in this judicial district, and Defendant is subject to personal jurisdiction in this County and State and are engaged in business and reside in this County and State.

11.     This court has personal jurisdiction over Defendants SWISS AIR because the Accident which is the subject of these claims occurred shortly before arrival to Los Angeles International Airport (LAX) and California is therefore the place of injury.

12.     This court has personal jurisdiction over Defendants SWISS AIR because SWISS AIR have purposely availed themselves of the privilege of doing business in California through their widespread activities at California-area airports, including multiple scheduled international flights each day.

13.     Personal jurisdiction is also appropriate over Defendants SWISS AIR because SWISS AIR's affiliations within the United States are so continuous and systematic as to render them essentially at home here and therefore subject to the general jurisdiction of the United States District Courts. In California specifically, Defendants SWISS AIR operate a ticketing office at Los Angeles International Airport (LAX), as well as a maintenance and/or cargo facility at LAX located at 5721 W. Imperial Highway, Los Angeles, California 90045-6301.

**FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION FOR PERSONAL INJURIES UNDER THE MONTREAL CONVENTION**

14.     Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-13, and alleges as follows.

15.     At all times herein relevant, Defendants SWISS AIR were and are commercial common carriers engaged in the business of international air transportation of passengers.

16.     At all times herein relevant, Defendants SWISS AIR employ cabin and flight crews responsible for the safe and secure operation of their flights and the safety and well-being of their passengers.

17.    At all times herein relevant, Defendants SWISS AIR were responsible for the training, management, supervision, and/or control of their flight and cabin crews including, but not limited to, the crew's adherence to standard safety policies and protocols.

18.    On September 27, 2021, Plaintiff CURTIS FLYNN, was traveling on the final leg of a round trip international itinerary from Los Angeles, California to Frankfurt, Germany to Berlin, Germany to Zurich, Switzerland to Los Angeles, California.

19.    On September 27, 2021, Defendants SWISS AIR operated and controlled a certain jet aircraft, designated as Swiss Airlines flight LX 40 (the "subject aircraft"), from Zurich, Switzerland to Los Angeles, California.  (the "subject flight").

20.    On September 27, 2021, Plaintiff CURTIS FLYNN was a fare-paying passenger lawfully ticketed to fly aboard the subject flight.

21.    On September 27, 2021, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendants SWISS AIR.

22.    On September 27, 2021, Defendants SWISS AIR employed a cabin crew aboard the subject flight responsible for the safe and secure operation of the flight and the safety and well-being of their passengers.

23.    On September 27, 2021, Defendants SWISS AIR were responsible for the training, management, supervision, and control of their cabin crew members aboard the subject flight, including but not limited to the cabin crew's adherence to standard safety policies and protocol.

24.    On September 27, 2021, while seated aboard the subject aircraft during the subject flight, Plaintiff CURTIS FLYNN was injured as the result of an Accident.

25.    Specifically, Plaintiff CURTIS FLYNN was caused to become injured when a member of Defendant SWISS AIR's cabin crew failed to apply the brake on a service cart, allowing it to roll backwards, and then abruptly applied the brake, causing cart to tip and the top tray with bottles and drinks to strike Plaintiff on the hand.

26.     Plaintiff's injuries resulted from an Accident under Article 17 of the Montreal Convention because his injuries were caused by an unexpected or unusual event or occurrence external to him, and not by his own internal reaction to the ordinary operation of the aircraft.

27.     As a result of the aforesaid Accident, Plaintiff CURTIS FLYNN was injured.

28.     As a result of the aforesaid Accident, Plaintiff CURTIS FLYNN was seriously injured.

29.     As a result of the aforesaid Accident, Plaintiff, CURTIS FLYNN, was permanently injured.

30.     As a result of the aforesaid Accident, Plaintiff CURTIS FLYNN suffered from pain, agony and mental anguish, and in the future shall continue to suffer from same.

31.     As a result of the aforesaid Accident, Plaintiff CURTIS FLYNN suffered great economic loss and in the future shall continue to suffer from same.

32.     As a result of the aforesaid Accident, Plaintiff CURTIS FLYNN was forced to expend large sums of money on medical treatment and in the future shall continue to expend sums of money on same.

33.     As a result of the aforesaid Accident, Plaintiff CURTIS FLYNN was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

34.     Pursuant to Article 21(1) of the Montreal Convention, Defendants SWISS AIR, as air carriers, shall not be able to limit its liability for damages arising under paragraph 1 of Article 17 and not exceeding 128,821 Special Drawing Rights for each passenger.

35.     Pursuant to Article 21(2) of the Montreal Convention, Defendants SWISS AIR, as air carriers, shall not be liable for damages arising under paragraph 1 of Article 17 to the extent that they exceed for each passenger 128,821 Special Drawing Rights only if Defendants prove that: (a) such damage was not due to the negligence or other wrongful

act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

36. As a result of the foregoing, Defendants SWISS AIR are liable to pay full, fair and reasonable damages to Plaintiff CURTIS FLYNN pursuant to the Montreal Convention.

37. Defendants SWISS AIR cannot meet their burden of proving that their negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff CURTIS FLYNN.

38. Defendants SWISS AIR cannot meet their burden of proving that the injuries sustained by Plaintiff CURTIS FLYNN were caused solely by the acts of third parties.

39. As a result of the Accident, and of Defendants SWISS AIR's actions and inactions, Plaintiff was injured. Defendants SWISS AIR are liable to Plaintiff for his damages suffered as a result of his injuries.

40. As a result of the foregoing, Defendants SWISS AIR are liable to Plaintiff for all allowable damages proven without limitation, in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff CURTIS FLYNN hereby demands judgment against Defendants SWISS AIR in an amount to be determined at trial, together with interest, costs and disbursements of this action.

Date: September 22, 2023                    NELSON & FRAENKEL, LLP

By: _____
                    Stuart R. Fraenkel
                    Nicole C. Andersen

                    KREINDLER & KREINDLER LLP
                    Justin T. Green
                    Erin R. Applebaum
                    Vincent C. Lesch

1

2
*Attorneys for Plaintiff*
*Curtis Flynn*

3

4
### JURY TRIAL DEMAND/REQUEST

5
     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Curtis Flynn

6
hereby demands a trial by jury.

7
Date: September 22, 2023           NELSON & FRAENKEL, LLP

8

9
By _____

10
    Stuart R. Fraenkel

11
    Nicole C. Andersen

12
    KREINDLER & KREINDLER LLP

13
    Justin T. Green
    Erin R. Applebaum

14
    Vincent C. Lesch

15
    *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28